**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TYQUAN GIBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:26-cv-00600 (UNA) |
| | ) |
| SOLICITOR GENERAL, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, a state prisoner, has filed a *pro se* Motion "Before District For Nationwide Injunction in Support of [the] Solicitor General," ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. For the explained below, the Court denies Plaintiff's IFP Application and dismisses this matter without prejudice.

Plaintiff's initiating "Motion" bears several defects. First, Plaintiff has attempted to open a civil matter by filing a motion without a complaint, which he may not do. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint and not by motion") (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief.") (citing Fed. R. Civ. P. 3).

Second, even if the Motion is construed as a complaint, it is not captioned for this District––it is captioned only for the "District of Columbia," in contravention of Federal Rule 10(a) and D.C. Local Civil Rule 5.1(g). Third, the submission is unsigned, in contravention of Federal Rule 11(a). *See generally id.*

Fourth, the submission does not set forth any basis for jurisdiction, statement of claim, request for relief, or otherwise.  It merely attaches a partial printout of considerations governing filing a petition for writ of certiorari with the Supreme Court.  Indeed, even the intended defendant, if any, is unclear.  Relevant here, *pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Federal Rule 8(a) of requires "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  Here, given the dearth of information, Plaintiff's intended claims are unidentifiable, and he has failed to establish this Court's subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Finally, Plaintiff's IFP Application is denied.  Like his Motion, Plaintiff's IFP Application is unsigned and unsworn, *see* Fed. R. Civ. P. 11(a); 28 U.S.C. § 1915(a)(1), and it is also not captioned for this Court, *see* Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(c)(1).  It provides little to no information regarding his current financial circumstances.  *See* 28 U.S.C. § 1915(a)(1), (b)(1)–(2); *see also Paracha v. Bush*, 374 F. Supp. 2d 118, 120–21 (D.D.C. 2005) (explaining that, pursuant to the applicable requirements, "an *in forma pauperis* application [must] be accompanied by an affidavit containing, *inter alia*, a statement of all assets petitioner possesses, . . . an[d] [an] estimate of . . . monthly expenses," and denying the petitioner's  IFP application as insufficiently detailed); *Scott v. City of Chicago*, No. 25-cv-01284, 2025 WL 1684118 (D.D.C. Jun. 12, 2025) (same). And Plaintiff has not provided a copy a certified copy of his trust fund account statement (or

institutional equivalent), including the supporting ledger sheets, for the six-month period immediately preceding the filing of this case, as required under the PLRA. *See* 28 U.S.C. § 1915(a)(2). Although he attaches a partial printout from the Offender Management System to his IFP Application, the printout is barely legible, it does not contain financial information reflecting a full six-month period, and it is uncertified.

Accordingly, and for these reasons stated above, Plaintiff's IFP Application is denied, and this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: June 1, 2026                                    /s/ CHRISTOPHER R. COOPER
                                                        United States District Judge